# EXHIBIT A

Scott A. Booth (SBN 024170)
**KASDAN LIPPSMITH TURNER LLP**
3200 N. Central Ave., Suite 2100
Phoenix, Arizona 85012
(602)224-7800
Fax (602)224-7801
E-Mail: kasdancourt@kasdancdlaw.com

Timothy S. Menter (SBN 020240)
**MENTER & WITKIN LLP**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
(949)250-9000
E-mail: tmenter@menterwitkinlaw.com

Attorneys for Plaintiff
SANTAN CROSSING PROFESSIONAL PLAZA
CONDOMINIUM ASSOCIATION

JEFF FINE
Clerk of the Superior Court
By Vanessa Garcia, Deputy
Date 04/02/2020 Time 12:44:20
Description                    Amount
--------- CASE# CV2020-004257 ---------
CIVIL NEW COMPLAINT            333.00
----------------------------
TOTAL AMOUNT                   333.00
            Receipt# 27734041

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

#### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SANTAN CROSSING PROFESSIONAL PLAZA CONDOMINIUM ASSOCIATION, an Arizona nonprofit corporation,<br><br>           Plaintiff,<br><br>v.<br><br>WESTFIELD INSURANCE COMPANY; and DOES 1 through 50,<br><br>           Defendants. | CASE NO.:   **CV2020-004257**<br><br><br>**COMPLAINT** |

Plaintiff Santan Crossing Professional Plaza Condominium Association ("Plaintiff"), by and through undersigned counsel, as the real party in interest and as the assignee of Cooper Commons Office LLC ("Cooper Commons"), hereby alleges and claims as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff is an Arizona non-profit corporation and is the condominium association for the professional plaza known as Santan Crossing Professional Plaza (the "Project") located in Chandler, Maricopa County, Arizona, with the authority and capacity to institute and prosecute this action in the State of Arizona pursuant to A.R.S. §33-1242(4) and the Condominium

Declaration for the Project and Declaration of Covenants, Conditions, and Restrictions ("Declaration"), recorded as document 2009-0993810 at the Maricopa County Recorder's Office, as a judgment creditor, and by an assignment of rights.

2.    Upon information and belief, Westfield Insurance Company ("Westfield") is now and at all times herein mentioned has been a corporation duly authorized to transact business as an insurance company in the State of Arizona.

3.    Defendant Insurer Does 1 through 25, and each of them, are persons, corporations or other entities which are authorized to do and do business in the State of Arizona as insurers. Insurer Does 1 through 25, and each of them, issued one or more policies of insurance which names Plaintiff as an insured and provided, or potentially provides, coverage for all or a portion of claims made against Plaintiff. The true identities of Insurer Does 1 through 25, and each of them, are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this Complaint to assert the proper names of each such insurer when their identities are discovered.

4.    Does 26 through 50, and each of them, were the managerial agent, employee, predecessor, successor, joint-venture, co-conspirator, alter ego and/or representative of the defendants identified in paragraphs 2 and/or 3 above and acted with the permission, authorization and/or ratification and consent of such other defendants. Plaintiff is informed, believes, and thereon alleges that each fictitiously named defendant was in some way responsible for, participated in, or contributed to the matters that Plaintiff complains of, and has legal responsibility for those matters. The true identities of Does 26 through 50 are currently unknown to Plaintiff and Plaintiff therefore prays for leave to amend this Complaint to assert the proper names when their identities are discovered. (The defendants identified in paragraphs 2 above and the Doe Defendants are jointly and severally referred to herein as "Defendants".)

5.    Cooper Commons was the developer of the Project consisting of 11 buildings and common areas.

6.    Cooper Commons hired Reliance Build, Inc. ("RBI") as the general contractor.

7.    Pursuant to written construction agreements entered into between Cooper

Commons and RBI, RBI was contractually obligated, amongst other terms, to name Cooper Commons as an additional insured on its general liability insurance policies.

8.    Certificate of Occupancy were issued with respect to the 11 buildings at the Project commencing in 2008 with the entire Project being completed thereafter.

9.    Plaintiff gave Cooper Commons and RBI notice of defective construction and the opportunity to make an offer to repair the defects at the Project.

10.    Cooper Commons and RBI did not respond to Plaintiff's pre-litigation notice.

11.    On or about June 8, 2015, Plaintiff commenced a civil action in the Superior Court of Arizona, County of Maricopa, captioned <u>Santan Crossing Professional Plaza Condo. Assoc. v. Cooper Commons Office, LLC, et al.</u>, Case No. CV2015-091851 ("Underlying Action") against Cooper Commons, RBI and others alleging the defective construction of the Project and resulting property damage.

12.    Plaintiff amended its complaint and filed on February 23, 2017 its Second Amended Complaint in the Underlying Action, a copy of which is attached as **Exhibit A**.

13.    Upon information and belief, after the filing of the Underlying Action, Cooper Commons and/or RBI tendered their respective defense and indemnity to Westfield.

14.    Westfield made, executed and delivered to RBI multiple policies of primary liability policies providing $1 million per occurrence and $2 million product/completed operations aggregate limits including, but not limited to, policy number CMM 4 190 434, renewed annually with consecutive periods from December 29, 2007 to December 29, 2009 and March 31, 2009 to March 31, 2014.   Westfield also provided RBI with umbrella coverage. (These insurance policies are collectively referred to as "Westfield Policies").

15.    In addition to coverage subject to policy limits, the Westfield Policies also included coverage for certain amounts in addition to limits as specified in the policies' Supplementary Payments coverages.

16.    Cooper Commons qualified as an insured to the primary general liability policies issued by Westfield to RBI as a result of certain additional insured endorsements.

17.     Cooper Commons also qualified as an insured under "Section II – Who is an Insured" of the Umbrella Coverage Form to the umbrella liability policies issued by Westfield to RBI, which states that "[a]ny additional insured under any policy of 'underlying insurance' will automatically be an insured under this insurance".

18.     Pursuant to the Westfield Policies referred to hereinabove, Defendants promised to pay all sums which Cooper Commons became obligated to pay because of property damage occurring during the respective policy periods at the Project and caused by an occurrence.

19.     Pursuant to the Westfield Policies, Defendants further agreed to defend Cooper Commons on account of such alleged property damage.

20.     On May 6, 2016, a default judgment against Cooper Commons was entered in the amount of $5,593,278.70, representing the cost of repair for various construction defects at the Project.

21.     On December 6, 2016, Plaintiff filed its Application for Writ of Garnishment pursuant to the Default Judgment against Cooper Commons and against garnishees, including Westfield.

22.     Thereafter, Westfield agreed to provide Cooper Commons with a defense of the Underlying Action by appointing Frank Fox, Esq. of the Cavanagh law firm to defend Cooper Commons' interests.  On information and belief, the defense proffered by Westfield was subject to an extensive reservation of rights.  During the course of this representation, and despite the fact that the Cooper Commons' defense was provided subject to a reservation of rights, attorney Fox concurrently represented Westfield as coverage counsel in other matters.

23.     Westfield also agreed to provide RBI with a defense of the Underlying Action. On information and belief, the defense provided to RBI was subject to an extensive reservation of rights.  Westfield appointed the Burch & Cracchiolo firm to represent RBI.  Burch & Cracchiolo was also appointed to act as Westfield's coverage counsel for the Underlying Action.

24.     Plaintiff, Westfield, and Cooper Commons entered into a stipulation in Underlying Action whereby, amongst other stipulated terms, Plaintiff agreed to vacate the May

2016 default judgment against Cooper Commons and Westfield waived its coverage defense regarding notice and Cooper Commons agreed to file an Answer upon the filing of a Second Amended Complaint.

25.     Prior to trial of the Underlying Action, Plaintiff made a $1.5 million statutory settlement offer pursuant to Rule 68 of the Arizona Rules of Civil Procedure to Cooper Commons.

26.     Despite having a minimum of $4 million in applicable limits available for Cooper Commons (not including Supplementary Payments coverage), Westfield rejected the offer and the Underlying Action proceeded to trial.

27.     On December 14, 2018, a judgment, after jury trial, was entered against Cooper Commons as follows:

       a.    Compensatory damages totaling $3,900,000.00 pursuant to a jury verdict.

       b.    Attorneys' fees totaling $1,645,554.31.

       c.    Taxable costs totaling $57,455.94.

       d.    Expert witness fees totaling $125,590.50.

After applying an offset in the amount of $265,091.70, the net judgment totaled $5,473,509.05, with post judgment interest to accrue at 6.25% per annum from date of judgment. A true and correct copy of the judgment is attached as **Exhibit B**.

28.     Westfield refused to indemnify Cooper Commons for the judgment and thereafter appealed the judgment. On information and belief, Westfield also refused to post bond to prevent execution on said judgment as against Cooper Commons.

29.     On October 4, 2019, during the pendency of the appeal, Westfield was notified of Plaintiff's and Cooper Commons' intent to enter into an agreement consistent with United Services Auto. Ass'n v. Morris, 154 Ariz. 113, 741 P.2d 256 (1987), in the event Westfield failed to withdraw its reservation of rights. Westfield was provided 30 days' notice of the intent to enter a "Morris Agreement". Westfield was notified that if its reservation was not withdrawn, the parties would stipulate that the trial court judgment would become the final judgment.

Westfield refused to either partially or fully withdraw its reservation of rights.

30.     In February 2020, Cooper Commons and Plaintiff finalized the Morris Agreement and Cooper Commons withdrew its appeal allowing the trial court judgment to become the final judgment in the Underlying Action.  The Morris Agreement also contained an assignment by Cooper Commons to Plaintiff of all rights, claims and causes of action Cooper Commons had against Westfield including for breach of contract and bad faith.

31.     In its own right as a judgment creditor, as a third-party beneficiary of the Westfield insurance policies and as the assignee of Cooper Commons' rights against Westfield, Plaintiff is the real party in interest and hereby files this action against Westfield and Doe Defendants.

**Count I – Direct Action/Application for Writ of Garnishment**

**(Non-Earnings)**

**(A.R.S. §§ 12-1272 through 1597)**

32.     Plaintiff hereby repeats, realleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     Plaintiff, as judgment creditor, was awarded a judgment (attached as Exhibit B) against Cooper Commons, judgment debtor, on December 14, 2018 which became final on February 12, 2020.

34.     Plaintiff, as judgment creditor, believes that Westfield, as garnishee, holds nonexempt property or money other than wages, with respect to insurance proceeds providing funds sufficient to satisfy said judgment and that these funds are owed to or belonging to judgment debtor Cooper Commons, as an added insured pursuant to terms of the Westfield Policies as set forth above.

35.     The ability of Plaintiff to maintain suit against Westfield as an insurer to recover on a judgment rendered against its insured, Cooper Commons, has long been recognized in Arizona. "It seems to be settled that after recovering a judgment against an insured under a liability policy, the injured third person may collect such judgment by instituting garnishment

6

proceedings against the liability insurer." <u>Sandoval v. Chenoweth</u>, 102 Ariz. 241, 428 6 P.2d 98, 102 (Ariz. 1967); <u>see also</u> <u>Smith Stage Co. v. Eckert</u>, 21 Ariz. 28, 184 P. 1001 (Ariz. 1919).

36.     Privity between an injured third person and an insurer is created when judgment is entered against the insured in the underlying suit. <u>See</u> <u>W. Cas. & Sur. Co. v. Evans</u>, 130 Ariz. 333, 334-35, 636 P.2d 111, 113-14 (Ct. App. 1981).

37.     On the date of this Complaint/Application, the amount of the outstanding balance on the judgment of $5,473,509.05 plus accrued interest of $444,251.76, totals $5,917,760.81. Interest has accrued and continues to accrue at the rate of 6.25% per annum ($937.24/day).  The cost of serving this Writ of Garnishment will be as shown on the Affidavit of Service and may be added to the judgment.

38.     The addresses of the garnishee is:

> Westfield Insurance Company
> c/o Director of Insurance
> 100 . 15th Ave., Suite, 102
> Phoenix, AZ 85007

39.     29Attached as **Exhibit C** is a completed Writ of Garnishment and Summons form and Plaintiff asks that the Writ be issued.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### Count II – Direct Action Against Insurer

### (Third Party Beneficiary)

40.     Plaintiff hereby repeats, realleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 39 of this Complaint.

41.     The Westfield Policies specifically provide that "[a] person may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under this Coverage Part or that are in excess of the applicable limit of the insurance."

42.     The Westfield Policies provide standing to Plaintiff to sue Westfield directly as a third-party beneficiary on the policies.

43.     As Plaintiff has obtained a final judgment against Cooper Commons, an insured, it is entitled to bring this action to recover on the judgment.  Plaintiff is entitled on its own behalf to assert all claims under the Westfield policy

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## Count III - Breach of Contract
### (Duty to Defend and/or Provide Coverage/Indemnify)

44.     Plaintiff hereby repeats, realleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 43-4 of this Complaint.

45.     The Westfield Policies are contracts of insurance under which Cooper Commons qualifies as an insured.

46.     Westfield owed Cooper Commons a duty to defend and to reasonably settle the Underlying Action.  It also owed Cooper Commons a duty to indemnify for the judgment.

47.     Westfield accepted the defense of the action and thus acknowledged its duty to defend.  Westfield breached this duty by improperly appointing counsel with divided loyalties and by otherwise failing to provide Cooper Commons with a competent defense.  Westfield's negligent handling of Cooper Commons' defense injured Cooper Commons.

48.     As a result of Westfield's breaches of its defense obligation to Cooper Commons, Westfield is estopped or otherwise precluded from asserting any purported coverage defenses.

49.     Westfield also failed to reasonably settle on behalf of Cooper Commons when it had the opportunity to do so.  It then failed to indemnify Cooper Commons after judgment was entered against it.

50.     Westfield has materially breached its contractual duties under the insurance policy owed to Cooper Commons in the Underlying Action as Westfield has failed to undertake its duties and obligation as set forth in this complaint.

51.     As a direct result of the foregoing breaches of contract by Westfield, the Underlying Action proceeded to trial and a judgment was entered against Cooper Commons in the amount of $5,473,509.05.  Westfield to date has failed pay this amount and the judgment remains unsatisfied, further damaging Cooper Commons.

52.     Plaintiff, as the assignee of Cooper Commons and the real party in interest, is entitled to bring this claim for breach of contract against Westfield for the judgment amount.

53.     Plaintiff is therefore entitled to all the contractual benefits that Cooper Commons would otherwise be entitled to and is entitled to assert all contractual claims against Westfield.

54.     As such, Plaintiff is entitled to recover the entire amount of the judgment ($5,473,509.05) from Westfield.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

**Count IV - Breach of the Covenant of Good Faith and Fair Dealing**

**(Insurance Bad Faith)**

55.     Plaintiff hereby repeats, realleges, and incorporates by reference each and all of the allegations contained in paragraphs 1 through 54 of this Complaint.

56.     Under Arizona law insurers such as Westfield are subject to an obligation of good faith and fair dealing in performing its contractual obligations.  Insurers owe their insureds an obligation of equal consideration, fairness, and honesty.  Westfield put its own interest above those of its insured, Cooper Commons, and is acting in bad faith by, among other things, doing the following:

a.     Appointing counsel to defend Cooper Commons pursuant to a reservation of rights who was concurrently representing Westfield as coverage counsel on other matters;

b.     Failing to provide Cooper Commons with a competent defense because of defense counsel's conflict of interest;

c.     Failing to provide a competent defense to Cooper Commons as a result of defense decisions that fell below the standard of care including by the selection of improper experts;

9

     d.     Failing to settle the Underlying Action within policy limits when provided the opportunity to do so;

     e.     Failing to pay the judgment in the Underlying Action while concurrently failing to post a bond to prevent execution against Cooper Commons' assets;

     f.     Interpreting policy provisions and the factual circumstances so as to resolve known ambiguities and uncertainties against Cooper Commons and to favor its own interests over those of Cooper Commons;

     g.     Failing to act properly and reasonably upon claims and communications from Plaintiff and Cooper Commons in the Underlying Action;

     h.     Misrepresenting insurance policy provisions, coverages and exclusions;

     i.     Refusing to grant authority to accept Plaintiff's Rule 68 settlement offer to Cooper Commons in the Underlying Action;

     j.     Causing Cooper Commons to have a greater exposure than the settlement offer made by Plaintiff in the Underlying Action; and

     k.     Taking the actions referenced in subparagraphs (a) through (j) above as part of a systematic and deliberate scheme to withhold policy benefits that would otherwise be due.

57.     Plaintiff is also informed and believes that the respective officers, directors and/or managing agents and/or employees of Defendants participated in, authorized, and/or ratified the wrongful conduct of said Defendants as alleged above.

58.     As a result of the bad faith conduct of each of the Defendants in this matter Cooper Commons and Plaintiff, in its own right and as an assignee of Cooper Commons, has suffered substantial injury as a result of the bad faith conduct set forth herein.

59.     The above described conduct of the Defendants has been and continues to be unreasonable, capricious, and arbitrary, and constitutes a breach of the covenant of good faith and fair dealing. The above-described conduct further constitutes malicious, oppressive, and/or despicable conduct and conscious disregard of Cooper Commons' rights, and stems from

improper and evil motives, including Defendants' desires to reduce or avoid their obligations to Cooper Commons, so as to justify an award of punitive and exemplary damages.

60.     Additionally, Plaintiff is informed and believes that Defendants' acts, as described in the above paragraphs, constitute a systematic, methodical and general scheme to improperly, unfairly and unreasonably deprive its policyholders, such as Cooper Commons, of the benefits of insurance coverage to which they are entitled.  This is exemplified by the use of Westfield's coverage counsel as defense counsel for its insureds pursuant to a reservation of rights.

61.     Plaintiff, as the assignee of Cooper Commons and the real party in interest and/or on its own behalf, is entitled to bring this claim for bad faith against Westfield to enforce Cooper Commons' rights as an insured under the policies mentioned herein.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment for Plaintiff and Order as follows:

1.     For issuance of the Writ of Garnishment and Summons, attached as **Exhibit C**;

2.     That Westfield breached its express and implied obligations under the Westfield Policies and Arizona law;

3.     That Westfield is liable to Plaintiff for damages under the judgment of $5,473,509.05 plus interest;

4.     That Westfield is liable to Plaintiff, as assignee of Cooper Commons, for general damages for bad faith;

5.     That Westfield is liable to Plaintiff, directly and as assignee of Cooper Commons, for attorney's fees under A.R.S. § 12-341.01 and other applicable legal principles;

6.     Interest on the judgment amount at the legal rate;

7.     For prejudgment interest at the legal rate;

8.     Punitive and exemplary damages;

9.     For costs of suit herein; and

11

10.   Such other and further relief as the Court deems just.

RESPECTFULLY SUBMITTED this 2nd day of April, 2020.

**KASDAN LIPPSMITH WEBER TURNER**

By: /s/ Scott A. Booth
   Scott  A. Booth , Esq.
   *Attorney for Plaintiffs*

**MENTER & WITKIN**
Timothy S. Menter
*Co-Counsel Attorneys for Plaintiffs*

# EXHIBIT A

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
K. Laird, Deputy
2/21/2017 12:10:00 PM
Filing ID 8112672

Stephen L. Weber (SBN 022751)
Scott A. Booth (SBN 024170)
Anne E. Meyers (SBN 033042)
**KASDAN LIPPSMITH WEBER TURNER LLP**
3200 N. Central Ave., Ste. 2100
Phoenix, Arizona 85012
(602) 224-7800
Fax (602) 224-7801
E-Mail: kasdancourt@kasdancdlaw.com
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SANTAN CROSSING PROFESSIONAL PLAZA CONDOMINIUM ASSOCIATION, an Arizona non-profit corporation, | Case No. CV2015-091851 |
| Plaintiffs, | |
| v. | **SECOND AMENDED COMPLAINT** |
| RELIANCE BUILD, INC, an Arizona corporation, LAMB ARCHITECTS & ASSOCIATES, INC., an Arizona corporation; LAMB ARCHITECTS, L.L.C., an Arizona Limited Liability Corporation; PACIFIC STUCCO OF ARIZONA, INC., an Arizona Corporation, et al., | (Assigned to the Hon. David Talamante) |
| Defendants. | |

Plaintiff SanTan Crossing Professional Plaza ("Plaintiff" or "the "Association") by and through undersigned counsel, as and for its Second Amended Complaint against Defendants Reliance Build, Inc. ("RBI"), Lamb Architects & Associates, Inc. ("Lamb", and Pacific Stucco of Arizona, Inc. ("Pacific") alleges and claims as follows:

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1.      The Plaintiff is an Arizona non-profit corporation that acts as the

1

condominium association for the professional plaza known as SanTan Crossing Professional Plaza ("the Project") located in Chandler, Maricopa County, Arizona with authority and capacity to institute and prosecute this action in the State of Arizona.

2.     The Condominium Declaration for the Project and Declaration of Covenants, Conditions, and Restrictions ("Declaration"), was recorded at document 2009-0993810 at the Maricopa County Recorder's Office.

3.     The Declaration requires the Association to repair, maintain, and replace all common area elements, which include but are not limited to the roofs, building exterior finishes, decorative stone, windows, doors, and other areas.

4.     Cooper Commons Office, LLC, ("Cooper Commons") developed the Project.

5.     Cooper Commons hired RBI as a general contractor to plan, design, and construct the Property.

6.     RBI filed a Notice of Non-Parties at Fault on December 6, 2016, naming "Lamb Architects" and "Pacific Stucco" as non-parties at fault.

7.     Plaintiff is informed and believes, and based thereon alleges that Defendant Lamb Architects & Associates, Inc., authorized and doing business in Maricopa County, Arizona, participated in one or more of the following tasks: the planning, design, development, and/or construction of the Project.

8.     Plaintiff is informed and believes, and based thereon alleges that Defendant Lamb Architects, L.L.C., authorized and doing business in Maricopa County,

2

Arizona, participated in one or more of the following tasks: the planning, design, development, and/or construction of the Project.

9.     Plaintiff is informed and believes, and based thereon alleges that Defendant Pacific Stucco of Arizona, Inc., authorized and doing business in Maricopa County, Arizona, participated in one or more of the following tasks: the planning, design, development, and/or construction of the Project.

10.    JOHN DOES I-X and JANE DOES I-X and their spouses, WHITE CORPORATIONS I-X, BLACK PARTNERSHIPS I-X, AND GRAY LIMITED LIABILITY COMPANIES I-X are unknown persons/entities which may bear some responsibility or liability related to the allegations and claims made herein, potentially including but not limited to any and all subcontractors employed in the construction of the Project. Plaintiff reserves the right to amend this complaint to add such person(s)/entity(ies) as additional defendants.

11.    All of the acts alleged in this Complaint occurred at the Project, which is located entirely in Maricopa County, Arizona.

12.    This court has jurisdiction over this matter, and venue is proper before this court.

13.    RBI is a company that was involved in and responsible for the planning, design and construction of the Project.

14.    Cooper Commons Office, LLC is a company that was involved in and responsible for the development of the Property.

3

15.     At some point during the development process, ownership of the common areas was transferred to the Association.

16.     Prior to filing this action, the Association gave <u>Defendants RBI and Cooper Commons</u> notice of the defective construction and the opportunity to make an offer to repair the defects.

17.     Defendants RBI <u>and Cooper Commons</u> did not respond to Plaintiff's pre-litigation notice.

18.     <u>On May 6, 2016, a Default Judgment against Cooper Commons was entered in the amount of $5,593,278.70, representing the cost of repair for various construction defects at the Project.</u>

19.     <u>On December 6, 2016, Plaintiff filed its Application for Writ of Garnishment, pursuant to the Default Judgment against Cooper Commons, assigned to Commission Margaret Benny.</u>

**FIRST CAUSE OF ACTION**
**(Breach of Implied Warranty of Workmanship and Habitability**
**– Against RBI and Cooper Commons Only)**

20.     The Association incorporates herein by reference all allegations included in the above paragraphs.

21.     By virtue of its planning, design and construction of the Project, Defendants and their subcontractors impliedly warranted that the Project was designed, developed, and constructed in a workmanlike manner and was reasonably suited for its intended use.

4

22.     Defendants and their subcontractors did not construct the Project in a workmanlike manner, and therefore the Project is not reasonably suited for its intended use.

23.     The Project has defects, including but not limited to defective concrete tile roofs, low-slow roofs, exterior finishes including but not limited to plaster and stone veneer, miscellaneous architecture along with window and doors.

24.     On information and belief, the roofing contractor, hired, retained, and supervised by RBI, improperly constructed the roof at the site causing roof leaks, inadequate roof slope causing ponding water, excessive plaster cracking and spalling along with roof attic access doors improperly installed.

25.     On information and belief, the exterior finishes contractor, hired, retained and supervised by RBI, improperly constructed plaster system causing excessive cracking and/or spalling, stone veneer system with inadequate clearance to concrete flatwork, system failure including cracking, loose and/or falling off, and other damage.

26.     On information and belief, the other subcontractors, hired, retained, and supervised by RBI, improperly constructed the site, causing parking lot paving with excessive settlement, sidewalk entry with excessive slope, and other damage.

27.     On information and belief, the window and door installer, hired, retained, and supervised by RBI, failed to correctly install and flash the windows, causing stained and damaged framing, stained drywall, damaged texture and paint, damage to the window product corners.

5

28.     On information and belief, the Project was not constructed in conformance with the project documents.

29.     On information and belief, the Project was not constructed in conformance with applicable building codes.

30.     The construction defects are latent defects and were not discoverable pursuant to a reasonable inspection at the time the Project was transferred to the Association.

31.     The defective construction of the Project has caused damage to Plaintiff, including but not limited to the cost to repair the defects and all resultant damage, including but not limited to stained paint, stained drywall, cracked concrete, cracked stucco, cracked drywall, damaged landscaping and irrigation systems, damaged roof sheathing, stained and damaged framing, etc.

## SECOND CAUSE OF ACTION
**(Negligence – Against RBI, Cooper Commons, Pacific Stucco of Arizona, Lamb Architects & Associates, Inc., and Lamb Architects, LLC)**

32.     The Association incorporates herein by reference all allegations included in the above paragraphs.

33.     Defendants and their subcontractors owed Plaintiff a duty to exercise reasonable due care to design, develop, and construct the Project in a workmanlike manner and to deliver a finished product that was suitable for its intended use.

34.   Defendants and their subcontractors violated that duty by designing, developing, and constructing the Project defectively, not in a workmanlike manner, and providing a product that is not suitable for its intended use.

35.   Through their negligence, Defendant <u>RBI</u> and <u>its</u> subcontractors damaged the Plaintiff in an amount to be shown at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

a.    For compensatory damages in an amount to be shown at trial;

b.    For consequential damages in an amount to be shown at trial, which amount shall include the cost of the Plaintiff's expert investigation required to prove the existence, nature, cause, repair, and cost of repairing the defects and other reasonably foreseeable amounts;

c.    For an award of its attorneys' fees and court costs;

d.    For pre- and post-judgment interest on all sums awarded; and

e.    For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of February 2017.

**KASDAN LIPPSMITH WEBER TURNER LLP**

By: <u>/s/ Anne E. Meyers</u>
Stephen L. Weber, Esq.
Scott A. Booth, Esq.
Anne E. Meyers, Esq.
3200 N. Central Ave., Ste. 2100
Phoenix, Arizona 85012
*Attorneys for the Plaintiff*

E-Filed this 21st day of February, 2017; E-served upon Burch & Cracchiolo, counsel for Reliance Build. <u>/s/ T. Whitney</u>

# EXHIBIT B

FROM :JUDGE DAVID M. TALAMANTE          FAX NO. :6023728660          Dec. 17 2018 10:30AM P1

1  Stephen L. Weber (SBN 022751)
   Scott A. Booth (SBN 024170)
2  **KASDAN LIPPSMITH WEBER TURNER LLP**
3  3200 N. Central Ave., Ste. 2100
   Phoenix, Arizona 85012
4  (602) 224-7800
   Fax (602) 224-7801
5  E-Mail: kasdancourt@kasdancdlaw.com
   *Attorneys for Plaintiff*
6

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10 SANTAN CROSSING PROFESSIONAL
   PLAZA CONDOMINIUM ASSOCIATION,          Case No. CV2015-091851
11 an Arizona non-profit corporation,

12              Plaintiff,                   **JUDGMENT**
                                            [~~PROPOSED~~]
13 v.

14 COOPER COMMONS OFFICE, LLC, an           (Assigned to the Hon. David Talamante)
   Arizona limited liability company;
15              Defendants.

16

17        This matter having been tried to verdict and good cause appearing,

18        IT IS HEREBY ORDERED, ADJUDGGED, AND DECREED AS FOLLOWS:

19        Plaintiff shall have and recover against Defendant, Cooper Commons Office, LLC,

20 and Defendant is ordered to pay to Plaintiff the following judgment amounts:

21        A. **Compensatory Damages** totaling $3,900,000.00 pursuant to the jury verdict.

22        B. **Attorneys' Fees** totaling $ 1,645,554. ²¹/

23        C. **Taxable Costs** totaling $ 57,455. ⁹⁴/ . This amount includes all

24 costs awardable pursuant to A.R.S. §§ 12-332, 12-341 and double taxable costs

25 pursuant to Rule 68, *Ariz.R.Civ.P.*, from and after May 11, 2018.

26

27

28

                                        1

FROM :JUDGE DAVID M. TALAMANTE        FAX NO. :6023728660        Dec. 17 2018 10:30AM P2

D. **Expert Witness Fees** totaling $ <u>125,590.</u>⁹¹ _____. This amount includes Plaintiff's expert witness fees pursuant to Rule 68, *Ariz.R.Civ.P.,* incurred from and after May 11, 2018.

E. ~~Pre-Judgment Interest in the amount of $~~ _____. <u>Computed at the statutory rate of six and one-quarter percent (6.25%) per annum of the total jury verdict amount of $3,900,000 from the September 25, 2018 entry of verdict to the date of this Judgment. (Pre-judgment Interest accrues at the rate of $667.80/day).~~

F. **Credit for Prior Confidential Settlements/Judgments** shall be given to Defendant. The Court has been provided under seal three individual confidential settlements/judgments that, without disclosing the individual resolution amounts, collectively total $265,091.70.

G. **Total Net Judgment** in the amount of $ <u>5,473,509.</u>⁰⁵¹ _____.

H. ~~Post-Judgment Interest shall accrue at the rate of $~~ _____ ~~per day from the date of this Judgment until this Judgment is paid.~~ This amount is ~~computed~~ <u>will accrue</u> at the statutory rate of of six and one-quarter percent (6.25%) per annum on the net judgment amount from the date of this Judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

This Judgment resolves all claims and parties in the captioned action and is final. No further matters remain pending and this judgment is entered under Rule 54(c).

Dated: <u>12/14/18</u> _____

_____
David Talamante
Judge of the Arizona Superior Court
(Maricopa County)

2

EXHIBIT C

# EXHIBIT 1

FILED
12/14/18 3:49am
CHRIS DEROSE, Clerk
By M. Kay
M. Kay, Deputy

1  Stephen L. Weber (SBN 022751)
   Scott A. Booth (SBN 024170)
2  **KASDAN LIPPSMITH WEBER TURNER LLP**
   3200 N. Central Ave., Ste. 2100
3  Phoenix, Arizona 85012
   (602) 224-7800
4  Fax (602) 224-7801
5  E-Mail: kasdancourt@kasdancdlaw.com
   *Attorneys for Plaintiff*
6

7

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **IN AND FOR THE COUNTY OF MARICOPA**

10 SANTAN CROSSING PROFESSIONAL
   PLAZA CONDOMINIUM ASSOCIATION,          Case No. CV2015-091851
11 an Arizona non-profit corporation,

12              Plaintiff,                          **JUDGMENT**

13 v.                                              [PROPOSED]

14 COOPER COMMONS OFFICE, LLC, an            (Assigned to the Hon. David Talamante)
   Arizona limited liability company;
15              Defendants.

16

17       This matter having been tried to verdict and good cause appearing,

18       IT IS HEREBY ORDERED, ADJUDGGED, AND DECREED AS FOLLOWS:

19       Plaintiff shall have and recover against Defendant, Cooper Commons Office, LLC,

20 and Defendant is ordered to pay to Plaintiff the following judgment amounts:

21       A. **Compensatory Damages** totaling $3,900,000.00 pursuant to the jury verdict.

22       B. **Attorneys' Fees** totaling $ 1,645,554.21 .

23       C. **Taxable Costs** totaling $ 57,455.94 . This amount includes all

24 costs awardable pursuant to A.R.S. §§ 12-332, 12-341 and double taxable costs

25 pursuant to Rule 68, *Ariz.R.Civ.P.*, from and after May 11, 2018.

26

27

28
                                    1

D. **Expert Witness Fees** totaling $ 125,590.⁰¹/_____. This amount includes Plaintiff's expert witness fees pursuant to Rule 68, *Ariz.R.Civ.P.*, incurred from and after May 11, 2018.

E. ~~Pre-Judgment Interest in the amount of $~~ _____. ~~Computed at the statutory rate of six and one-quarter percent (6.25%) per annum of the total jury verdict amount of $3,900,000~~ from the September 25, 2018 entry of verdict to the ~~date of this Judgment. (Pre-judgment Interest accrues at the rate of $667.80/day).~~

F. **Credit for Prior Confidential Settlements/Judgments** shall be given to Defendant. The Court has been provided under seal three individual confidential settlements/judgments that, without disclosing the individual resolution amounts, collectively total $265,091.70.

G. **Total Net Judgment** in the amount of $ 5,413,509.⁰⁵/_____.

H. ~~Post-Judgment Interest shall accrue at the rate of $~~ _____ ~~per day from the date of this Judgment until this Judgment is paid.~~ This amount is ~~computed~~ will accrue at the statutory rate of of six and one-quarter percent (6.25%) per annum on the net judgment amount from the date of this Judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

This Judgment resolves all claims and parties in the captioned action and is final. No further matters remain pending and this judgment is entered under Rule 54(c).

Dated: ___12/14/18_____

_David Talamante_____
David Talamante
Judge of the Arizona Superior Court
(Maricopa County)

2

CONFD
COPY

FILED
12/14/18 3:49PM
CHRIS DEROSE, Clerk
By
M. Kay, Deputy

1  Stephen L. Weber (SBN 022751)
   Scott A. Booth (SBN 024170)
2  **KASDAN LIPPSMITH WEBER TURNER LLP**
   3200 N. Central Ave., Ste. 2100
3  Phoenix, Arizona 85012
4  (602) 224-7800
   Fax (602) 224-7801
5  E-Mail: kasdancourt@kasdancdlaw.com
   *Attorneys for Plaintiff*
6

7

8                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                  **IN AND FOR THE COUNTY OF MARICOPA**

10 SANTAN CROSSING PROFESSIONAL
   PLAZA CONDOMINIUM ASSOCIATION,              Case No. CV2015-091851
11 an Arizona non-profit corporation,

12                Plaintiff,                              **JUDGMENT**
13 v.                                                     [PROPOSED]

14 COOPER COMMONS OFFICE, LLC, an             (Assigned to the Hon. David Talamante)
   Arizona limited liability company;
15                Defendants.

16

17        This matter having been tried to verdict and good cause appearing,

18        IT IS HEREBY ORDERED, ADJUDGGED, AND DECREED AS FOLLOWS:

19        Plaintiff shall have and recover against Defendant, Cooper Commons Office, LLC,

20 and Defendant is ordered to pay to Plaintiff the following judgment amounts:

21        A. **Compensatory Damages** totaling $3,900,000.00 pursuant to the jury verdict.

22        B. **Attorneys' Fees** totaling $ 1,645,554.31/             .

23        C. **Taxable Costs** totaling $ 57,465.94/               . This amount includes all

24 costs awardable pursuant to A.R.S. §§ 12-332, 12-341 and double taxable costs

25 pursuant to Rule 68, *Ariz.R.Civ.P.,* from and after May 11, 2018.

26

27

28

                                        1

D. **Expert Witness Fees** totaling $ 125,590.91 _____. This amount includes Plaintiff's expert witness fees pursuant to Rule 68, *Ariz.R.Civ.P.*, incurred from and after May 11, 2018.

E. ~~**Pre-Judgment Interest** in the amount of $~~ _____. Computed at ~~the statutory rate of six and one-quarter percent (6.25%) per annum of the total jury~~ ~~verdict amount of $3,900,000~~ from the September 25, 2018 entry of verdict to the ~~date of this Judgment. (Pre-judgment Interest accrues at the rate of $667.80/day).~~

F. **Credit for Prior Confidential Settlements/Judgments** shall be given to Defendant. The Court has been provided under seal three individual confidential settlements/judgments that, without disclosing the individual resolution amounts, collectively total $265,091.70.

G. **Total Net Judgment** in the amount of $ 5,473,509.05 _____.

H. ~~**Post-Judgment Interest** shall accrue at the rate of $~~ _____ ~~per day from the~~ ~~date of this Judgment until this Judgment is paid.~~ This amount ~~is computed~~ will accrue at the statutory rate of of six and one-quarter percent (6.25%) per annum on the net judgment amount from the date of this Judgment until paid.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:

This Judgment resolves all claims and parties in the captioned action and is final. No further matters remain pending and this judgment is entered under Rule 54(c).

Dated: 12/14/18 _____

*David Talamante*
David Talamante
Judge of the Arizona Superior Court
(Maricopa County)

2

1   Scott A. Booth (SBN 024170)
    **KASDAN LIPPSMITH TURNER LLP**
2   3200 N. Central Ave., Suite 2100
    Phoenix, Arizona 85012
3   (602)224-7800
    Fax (602)224-7801
4   E-Mail: kasdancourt@kasdancdlaw.com

5   Timothy S. Menter (SBN 020240)
    **MENTER & WITKIN LLP**
6   19800 MacArthur Blvd., Suite 300
    Irvine, California 92612
7   (949)250-9000
    E-mail: tmenter@menterwitkinlaw.com
8
    Attorneys for Plaintiff
9   SANTAN CROSSING PROFESSIONAL PLAZA
    CONDOMINIUM ASSOCIATION
10
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
11
                    **IN AND FOR THE COUNTY OF MARICOPA**
12

| | |
|---|---|
| 13  SANTAN CROSSING PROFESSIONAL PLAZA CONDOMINIUM ASSOCIATION, an Arizona nonprofit corporation, | CASE NO.: |
| 15               Plaintiff/Judgment Creditor, | **WRIT OF GARNISHMENT** |
| 16  v. | **&** |
| 17  WESTFIELD INSURANCE COMPANY; and DOES 1 through 50, | **SUMMONS** |
| 19               Defendant/Judgment Debtor. | |

20

21          **FROM THE STATE OF ARIZONA TO THE SHERIFF, CONSTABLE**
    **OR OTHER OFFICER WHO IS AUTHORIZED BY LAW TO SERVE PROCESS:**
22
23          JUDGMENT CREDITOR'S claim is $5,479,509.05 plus interest at the rate of

24  6.25% per annum from and after December 14, 2018, against Judgment Debtor Cooper

25  Commons Office LLC ("Judgment Debtor"), and the costs of issuing this Writ, including

26  the costs of service  which will be as shown on the Affidavit of Service and may be added

27  to the judgment.

28          THEREFORE, pursuant to A.R.S. § 12-1574, you are commanded to summon

---

WRIT OF GARNISHMENT & SUMMONS

1   and appear before this Court the Garnishee whose name and address appears below and

2   who is believed to be within your County:

3
4           **Westfield Insurance Company**
            **c/o Director of Insurance**
5           **100 N. 15th Ave., Suite 102**
            **Phoenix, AZ 85007**
6

7           **JUDGMENT CREDITOR STATES:**

8       1.      Judgment creditor was awarded a judgment against Cooper Commons

9   Office LLC.

10      2.      On the date of this Complaint/Application, the amount of the outstanding balance

11  on the judgment of $5,473,509.05 plus accrued interest of $444,251.76, totals $5,917,760.81.

12  Interest has accrued and continues to accrue at the rate of 6.25% per annum ($937.24/day).  The

13  cost of serving this Writ of Garnishment will be as shown on the Affidavit of Service and may

14  be added to the judgment.

15      2.      The name and address of the Garnishee is:

16          **Westfield Insurance Company**
            **One Park Circle**
17          **P.O. Box 5001**
            **Westfield Center, Ohio 44251-5001**
18          **330-887-0101**

19      3.      And its Authorized Agent for purposed of this Writ is as follows:
20

21          **Director of Insurance**
            **100 N. 15th Ave., Suite 102**
22          **Phoenix, AZ 85007**

23      4.      The names and last known mailing address of the Judgment Debtor is:
24

25          **Cooper Commons Office LLC**
            **2241 East Pecos Road #1**
26          **Chandler, Arizona 85225**

27      5.      The Judgment Creditor's name and address in Arizona is:

28          Santan Crossing Professional Plaza Condominium Association

c/o Kasdan LippSmith Weber Turner LLP
3200 North Central Avenue, Suite 2100
Phoenix, Arizona 85012

6.    Judgment Creditor's attorneys' names and addresses are:

Scott A. Booth, Esq.
**Kasdan LippSmith Weber Turner LLP**
3200 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
602-224-7800

Timothy S. Menter
**MENTER & WITKIN LLP**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
(949)250-9000

7.    A copy of the Judgment is attached as **Exhibit 1**.

### TO THE GARNISHEE (A.R.S. §12-579):

YOU SHALL answer all the following questions in writing, under oath, on a separate document. Your answer must be filed with the Court within 10 business days after you are served with this Writ of Garnishment.

A.    Were you holding personal property or money other than wages belonging to the judgment debtor at the time this Writ was served on you?

B.    How much money do you owe the judgment debtor and how much of that money did you withhold pursuant to the Writ? Did you release any of that money after you were served with the Writ, and, if so, how much did you release and why?

C.    Did you possess any personal property belonging to the judgment debtor at the time the Writ was served on you? If so, please describe each item or group of items you held and describe the specific items of personal property you withheld pursuant to the Writ, if any.

D.    What other person or entity, within your knowledge, is indebted to the judgment debtor or in possession of personal property of the judgment debtor?

E.    If the garnishee is a corporation, what shares, or interest does the judgment debtor own?

1

2

### SUMMONS

A WRIT OF GARNISHMENT has been issued, naming you as garnishee. You are required to answer this Writ in writing, under oath, and file the answer with the Court within 10 days (excluding weekends and holidays) after service on you. If you fail to file an answer, you may be ordered to appear in person to answer this Writ. Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding. If you fail to answer and appear, a default judgment may be entered against you, and you may be ordered to pay the full amount shown on this Writ, plus attorney fees and costs.

3

4

5

6

7

8

9

     Requests for reasonable accommodations for persons with disabilities must be made to the Division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court processing.

10

11

     Requests for reasonable accommodations for persons who need an interpreter must be made to the Division assigned to the case by parties at least three (10) judicial days in advance of a scheduled court processing.

12

13

14

**THIS SUMMONS IS NOT A REQUEST TO SEND ANY MONEY OR PERSONAL PROPERTY TO THE COURT.**

15

16

17

18

_____    _____

19

Date                                     Judicial Officer/Clerk of the Court

20

### NOTICE TO GARNISHEE

You should have been served with a blank Garnishee's Answer form. You may complete and file this form to make your required answer.

21

22

23

24

25

26

27

28

WRIT OF GARNISHMENT & SUMMONS

Scott A. Booth (SBN 024170)
**KASDAN LIPPSMITH TURNER LLP**
3200 N. Central Ave., Suite 2100
Phoenix, Arizona 85012
(602)224-7800
Fax (602)224-7801
E-Mail: kasdancourt@kasdancdlaw.com

Timothy S. Menter (SBN 020240)
**MENTER & WITKIN LLP**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612
(949)250-9000
E-mail: tmenter@menterwitkinlaw.com

Attorneys for Plaintiff
SANTAN CROSSING PROFESSIONAL PLAZA
CONDOMINIUM ASSOCIATION

**RECEIVED**

By Legal / Compliance Department at 2:49 pm, Apr 10, 2020

STATE OF ARIZONA
DEPT. OF INSURANCE

APR 0 3 2020

TIME   3:55pm
SERVICE OF PROCESS

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| SANTAN CROSSING PROFESSIONAL PLAZA CONDOMINIUM ASSOCIATION, an Arizona nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESTFIELD INSURANCE COMPANY; and DOES 1 through 50,<br><br>Defendants. | CASE NO.: CV2020-004257<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at<br><br>**SUMMONS**<br>or<br>www.maricopalawyers.org<br>Sponsored by the<br>Maricopa County Bar Association<br><br>*(Assigned to _____)* |

TO THE ABOVE NAMED DEFENDANT(S):

Westfield Insurance Company
c/o Director of Insurance
100 N. 15th Ave., Suite 102
Phoenix, AZ 85007

   **YOU ARE HEREBY SUMMONED** and required to appear and defend, in the above entitled action within TWENTY (20) DAYS, after the service of the Summons and Complaint upon you, exclusive of the day of served.  If served outside the State of Arizona, you shall appear and defend within THIRTY (30) days, exclusive the day of service.

   In order to appear and defend, you must file a proper response or answer in writing with the Clerk of this Court, accompanied by the required filing fee. Failure to so appear

and defend will result in a judgment by default being rendered against you for the relief requested in the Complaint.

Requests for reasonable accommodations for persons with disabilities must be made to the Division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court processing.

Requests for reasonable accommodations for persons who need an interpreter must be made to the Division assigned to the case by parties at least three (10) judicial days in advance of a scheduled court processing.

You are required by law to serve a copy of your response or answer upon the Plaintiff(s) addressed as follows:

Scott A. Booth, Esq.
**KASDAN LIPPSMITH WEBER TURNER LLP**
3200 N. Central Avenue, Suite 2100
Phoenix, AZ 85012

Timothy S. Menter, Esq.
**MENTER & WITKIN LLP**
19800 MacArthur Blvd., Suite 300
Irvine, California 92612

SIGNED AND SEALED, this date _____



By: _____ APR 0 3 2020



CLERK OF THE SUPERIOR COURT
V. GARCIA
DEPUTY CLERK

2