**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santan Crossing Professional Plaza Condominium Association,<br><br>            Plaintiff,<br><br>vs.<br><br>Westfield Insurance Company, et al.,<br><br>           Defendants. | No. CV-20-00792-PHX-SPL<br><br>**ORDER** |

Pending before the Court is Plaintiff and Counterdefendant Santan Crossing Professional Plaza Condominium Association's ("Santan" or "Plaintiff") Motion to Dismiss or Strike Counterclaim Pursuant to FRCP 12(b)(6) or (f) and memorandum in Support Thereof (the "Motion to Dismiss"). (Doc. 31) The Motion is fully briefed. For the reasons that follow, the Motion will be granted.[1]

## I. Background

### A. The Complaint

Defendant Westfield Insurance Company ("Westfield" or "Defendant") issued several commercial general liability ("CGL") insurance policies to non-party Reliance Build, Inc. ("Reliance"), under which non-party Cooper Commons, LLC ("Cooper") sought coverage as an additional insured for a lawsuit brought by Santan in the Superior Court of

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* L.R. Civ. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Arizona, in and for the County of Maricopa, captioned *Santan Crossing Professional Plaza Condominium Association v. Cooper Commons Office, LLC*, case No. CV2015-0911851 (the "Underlying Suit"). Westfield agreed to defend Cooper under a reservation of rights. (Docs. 1-1 at 4, ¶ 22; 34 at 2) Following entry of default judgment against Cooper in the Underlying Suit, and while an appeal was pending, Santan and Cooper allegedly entered into an agreement pursuant to *United Services Automobile Association v. Morris*, 741 P.2d 246 (Ariz. 1987) (the "*Morris* Agreement"). (Doc. 1-1 at 5–6, ¶¶ 29, 30) Pursuant to the *Morris* Agreement, Cooper withdrew the pending appeal, allowing the trial court default judgment to become the final judgment in the Underlying Action. Furthermore, Cooper assigned to Santan all of its rights, claims, and causes of action it had against Westfield including for breach of contract and bad faith. (Doc. 1-1 at 6, ¶ 31)

Santan brought the Complaint in this case (the "Complaint") in the Maricopa County Superior Court and Defendant removed the case to federal court on April 23, 2020. (Docs. 1, 1-1) In the Complaint, Santan brought four causes of action against Westfield: (1) direct action/application for writ of garnishment (non-earnings); (2) direct action against insurer (third-party beneficiary); (3) breach of contract (duty to defend and/or provide coverage/indemnification); and (4) breach of the covenant of good faith and fair dealing (insurance bad faith). (Doc. 1-1 at 7–11) Santan seeks, in addition to the payment of the default judgment, "general damages for bad faith", attorneys' fees, pre- and post-judgment interest, punitive and exemplary damages, and cost of suit. (Doc. 1-1 at 12–13)

**B. Answer and Counterclaim**

Westfield filed an Answer, and later amended such Answer adding a counterclaim (the "Amended Answer and Counterclaim"). (Doc. 20-1) Westfield asserts, in part, in its affirmative defenses that "the purported *Morris* agreement is unenforceable," "Plaintiff and/or Cooper failed to mitigate their damages, thereby barring or reducing recovery," "Plaintiff's claims may be barred, in whole or in part, by express terms, conditions, limitations, exclusions, and or provisions in the applicable policies, which speak for themselves," and that Cooper failed to qualify as an additional insured under the additional

insured completed operations endorsements to Westfield's policies. (Doc. 20-1 at 3–4, 9–10) Westfield requests that Santan's Complaint be dismissed with prejudice, and that it be awarded its costs, expert witness fees, interest, attorneys' fees and for such other relief as the Court deems proper. (Doc. 20-1 at 11)

Westfield also brought a counterclaim against Santan for declaratory judgment. (Doc. 20-1 at 11–12) Westfield alleges that there is no coverage for the final judgment in the Underlying Suit under any of the policies it issued to Reliance or under the *Morris* Agreement entered into by Santan and Cooper. (Doc. 20-1 at 29) Westfield brought nine counts for declaratory judgment, each count being associated with a specific insurance policy but advancing the same arguments in support of Westfield's position that it does not owe a duty to indemnify Santan—for example, count I of the Counterclaim is based on the 2007 policy, Count II is based on the 2008 policy, and so forth. Westfield requests that the Court, pursuant to the Declaratory Judgment Act, declare that Westfield has no duty to indemnify under the policies and that the Court award it its attorneys' fees, costs, and for any other and further relief the Court deems equitable. (Doc. 20-1 at 46)

## II. Legal Standard

Plaintiff moves for the Court to dismiss or strike Defendant's Counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(6) or 12(f) because the counterclaim is a "redundant declaratory action[] that improperly seek[s] redress of past conduct already at issue in the action." (Doc. 31 at 2)

### A. Standard for Motion to Dismiss Pursuant to Rules 8(a)(2) and 12(b)(6)

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**B. Standard for Motion to Strike Pursuant to Rule 12(f)**

Federal Rule of Civil Procedure 12(f) allows the court, on its own or on motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Fantasy, Inc. v. Fogerty*,

984 F.2d 1524, 1527 (9th Cir. 1993) (quotation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). "Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'" *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir.1977)) (holding that Rule 12(f) does not authorize district courts to strike claims for damages because the damages are precluded as a matter of law).

### C. Discretionary Standard Under the Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action."). "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (internal quotations omitted).

Furthermore, declaratory relief is not appropriate to only redress past wrongs or when the future relations of the parties is not at issue as it operates prospectively to resolve uncertainties and disputes that may result in future litigation. *See, e.g.*, *San Diego Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("because plaintiffs seek declaratory and injunctive relief only, there is a further [standing] requirement that they show a very significant possibility of future harm; it is insufficient for them to demonstrate

only a past injury.") (citing *Bras v. California Pub. Util. Comm'n*, 59 F.3d 869, 873 (9th Cir.1995), *cert. denied*, 516 U.S. 1084 (1996)); *see also* William W. Schwarzer, et. al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ¶¶ 10:5, 10-1, -2 (Calif. & 9th Cir. Editions, April 2020) ("The Declaratory Judgment Act is 'intended to fix the problem that arises when the other side does not sue.' [*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.* (Fed. Cir. 2007) 497 F3d 1271, 1284; *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1989) 896 F2d 1542, 1555—relieves potential defendants from "Draconian threat of impending litigation which a harassing adversary might brandish'].")[2]

### III. Analysis

Both parties recognize that the Court has broad discretion in dismissing an action for declaratory judgment, including a counterclaim seeking declaratory relief. (Docs. 31 at 5–6; 34 at 5) The core issue is whether the Court should exercise its discretion to dismiss Westfield's counterclaim. Plaintiff has asked the Court to dismiss the counterclaim under either Federal Rule of Civil Procedure 12(b)(6) or 12(f). Plaintiff's 12(b((6) argument is essentially an argument under the Declaratory Judgment Act and not a more traditional 12(b)(6) argument. This is important because the standards under Rule 12(b)(6), Rule 12(f), and the Declaratory Judgment Act are distinct. The Declaratory Judgment Act provides its own discretionary standard. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008) ("[The] action was one for declaratory judgment . . . . On this basis alone, the district court was within its discretion to dismiss [the] complaint without leave to amend."). As the Supreme Court has stated,

> consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a

---

[2] The Court is unpersuaded by Defendant's criticism of Plaintiff's reliance on the California edition of the Schwarzer et al. authority. Indeed, the California edition is identical to the federal edition on the relevant topic in this case and the California and Ninth Circuit editions have been cited numerous times by courts in the Ninth Circuit.

|  |  |
|---|---|
| 1 | close. In the declaratory judgment context, the normal principle |
| 2 | that federal courts should adjudicate claims within their |
| 3 | jurisdiction yields to considerations of practicality and wise |
| 4 | judicial administration. |

*Wilton*, 515 U.S. at 288 (footnote omitted). The Court is of the opinion that the discretionary standard under the Declaratory Judgment Act is the proper standard by which to evaluate Defendant's Counterclaim and in its discretion determines that Defendant's Counterclaim should be dismissed.

Indeed, the Court finds that the relief Defendant seeks through its Counterclaim is substantively identical to what the Court will necessarily adjudicate in ruling on Plaintiff's Complaint and Defendant's affirmative defenses. Defendant argues that specific insurance policies it references in its counterclaim are not addressed by the Complaint and accordingly, a ruling on the Counterclaim would necessarily provide broader relief than what is requested by the Complaint and the affirmative defenses. (Doc. 34 at 6–7) The Court finds that argument unpersuasive. As Plaintiff correctly pointed out, the Complaint refers to multiple insurance policies "including, but not limited to, policy number CMM 4 190 434, renewed annually with consecutive periods from December 29, 2007 to December 29, 2009 and March 31, 2009 to March 31, 2014." (Doc. 1-1 at 3, ¶ 14) The Court cannot read the Complaint to exclude the specific insurance policies cited by Westfield in support of its Counterclaim. It is true, as Defendant points out, that this case is not exactly like *Federal Deposit Insurance Corporation for First Nat. Bank of Nevada v. Syndicate 2003 at Lloyd's*, 2012 WL 13020175 (D. Ariz. May 4, 2012) ("*FDIC*"). In *FDIC*, the Court noted that the Counterclaim stated "[a]s set forth in the Complaint herein, a dispute exists between the parties as to whether or not coverage exists under terms of the [Lloyd's] Policy for the various acts in question." *FDIC*, 2012 WL 13020175 at *3.

The Court agrees with Defendant that this is not the case here but when it looks to the substance of the Counterclaim and each count in the Counterclaim, the result is substantively same. Each count contains the exact same arguments that Westfield had no

duty to indemnify under the particular policy, and asks the Court to declare that Cooper did not qualify as an additional insured, that the relevant policy did not provide Cooper with coverage for liability that was not caused by Reliance, and that the relevant policy did not provide Cooper with coverage for the damages awarded to Santan in the Underlying Suit. (Doc. 20-1 at 29–30) Those arguments and requests for declaratory relief are repeated for each yearly policy from 2007 through 2015. Each count is linked to past conduct of the parties, and a declaration from the Court will not impact any ongoing or future relationship between the parties. Nowhere does Defendant alleges or argues that a declaratory judgment from the Court will impact any future performance from the parties or any future obligation. The Court finds that not dismissing the counterclaim is contrary to the purposes of a declaratory judgment. The Court further finds that based on the language of the Complaint, specifically that it was not limited to a specific policy which was renewed over several years, any judgment on the Counterclaim for declaratory relief will not "serve a useful purpose in clarifying and settling the legal relations in issue," nor will it "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding" that will not already be provided by a judgment on Plaintiff's Complaint and Defendant's affirmative defenses. *See Guerra*, 783 F.2d at 1376 (quotations omitted); *see also Englewood Lending Inc. v. G & G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009) (holding that a counterclaim overlapped with relief sought in the complaint and with two affirmative defenses and thus did "not serve the intended purpose the Declaratory Judgment Act . . . . [T]he [defendants] do not live in fear of a potential suit; they are already obliged to defend against one"). Even on the issue of attorneys' fees, the Counterclaim is duplicative of the answer where the prayer for relief already requested the Court to award Defendant its attorneys' fees and costs. (Doc. 20-1 at 11)[3]

---

[3] Because the Court found that its exercise of discretion to dismiss the Counterclaim under the Declaratory Judgment Act is dispositive of the Motion to Dismiss, it does not address other arguments raised by the parties.

Briefly addressing Defendant's request for sanctions, the Court finds it is unpersuasive and unwarranted. The Court finds that Plaintiff's motion was not meritless or brought in bad faith. Indeed, the Court agrees with Plaintiff's position regarding dismissal. Even if the Court had disagreed with Plaintiff's position, the arguments are far from reaching the level of bad faith necessary for the Court to exercise its discretion and impose sanctions. Accordingly, the request for sanctions is denied.

### IV.     Conclusion

Because Defendant's Counterclaim raises no issues that will not be decided in the course of ruling on Plaintiff's Complaint and Defendant's affirmative defenses, the Court grants Plaintiff's Motion to Dismiss pursuant to the Court's discretion under the Declaratory Judgment Act. Such dismissal will be without prejudice to refiling should Defendant "wish to seek declaratory judgment on an issue . . . that is in controversy and not redundant of its . . . affirmative defenses." *FDIC*, 2012 WL13020175 at *7. It is obvious to the Court, and it should be to the parties after reviewing this Order, that the issues of coverage under each of the policies identified in Defendant's Amended Answer and Counterclaim and of the validity of the *Morris* agreement are not ones which would fit in the category of issues which would not be redundant of Defendant's affirmative defenses.

Accordingly,

**IT IS ORDERED:**

1. That Plaintiff/Counter Defendant's Motion to Dismiss or Strike Counterclaim Pursuant to FRCP 12(b)(6) or 12(f) (Doc. 31) is **granted in full**;

2. That Defendant's Counterclaim for Declaratory Judgment is dismissed without prejudice to the refiling of a counterclaim consistent with this Order; and

///
///
///
///
///

9

3. Defendant shall have 14 days from the date of entry of this Order to file an amended counterclaim consistent with this Order.

Dated this 14th day of August, 2020.

Honorable Steven P. Logan
United States District Judge